UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

HANY F. KOULTA,  
Personal Respresentative of the  
Estate of Sami F. Koulta,

    Plaintiff,

    v.

CITY OF CENTERLINE,  
OFFICER DANIEL MERCIEZ,  
OFFICER ROBERT WROBLEWSKI  
and OFFICER STEVEN HILLA,

    Defendants.

_____/

Case No.  04-40343

HON.  PAUL V. GADOLA  
U.S. DISTRICT JUDGE

HON. R. STEVEN WHALEN  
U.S MAGISTRATE JUDGE

**SUPPLEMENTAL REPORT AND RECOMMENDATION [Docket #47]**

On February 16, 2006, this Court issued a Report and Recommendation [Docket #47], recommending that the motion for dismissal or summary judgment by Defendants Merciez, Wroblewski, and Steven Hilla [Docket #14], be DENIED, finding that a question of fact remained as to whether a non-custodial substantive due process violation occurred pursuant to *County of Sacramento v. Lewis,* 523 U.S. 833, 846, 118 S.Ct. 1708, 140 L.Ed.2d 1043 (1998).  The Court also recommended Defendants' motion for dismissal on the basis of judicial estoppel should be DENIED.  However, the Court inadvertently neglected to

address the equal protection claim. I therefore recommend that Defendants' motion for dismissal pursuant to Plaintiff's claim of equal protection violations should be GRANTED.

Count I, ¶16 of the Complaint alleges in part that Defendants Merciez, Wroblewski and Hilla violated Koulta's right of equal protection of the laws pursuant to the Fourth and Fourteenth Amendments to the United States Constitution.

The Equal Protection Clause of the Fourteenth Amendment states that no State shall "deny to any person within its jurisdiction the equal protection of the laws." U.S.C.A. Const. Amend. XIV § 1. "The states cannot make distinctions which either burden a fundamental right, target a suspect class, or intentionally treat one differently from others similarly situated without any rational basis for the difference." *Radvansky v. City of Olmsted Falls,* 395 F.3d 291, 312 (6th Cir. 2005); *Vacco v. Quill,* 521 U.S. 793, 799, 117 S.Ct. 2293, 138 L.Ed.2d 834 (1997). The Equal Protection clause "embodies the general rule that States must treat like cases alike but may treat unlike cases accordingly." *Id.*; *Vacco*, at 521 U.S. at 799. "In order for Plaintiff's claim to survive Defendants' motion, Plaintiff had to allege that he was denied equal protection of the law based upon an unjustifiable standard such as race, religion, or other arbitrary classification . . . . [A] person bringing an action under the Equal Protection Clause must show intentional discrimination against him because of his membership in a particular class, not merely that he was treated unfairly as an individual." *Bass v. Robinson,* 167 F.3d 1041, 1050 (6th Cir. 1999).

Although Plaintiff has alleged "conscious shocking" behavior to the extent necessary to allege substantive due process violations, as noted by Defendants, Plaintiff has not set

forth facts indicating that the Decedent was treated differently than others similarly situated. Therefore, the equal protection claims must fail. Notably, Plaintiff's response to Defendants' motion for dismissal, which discusses the substantive due process violations at length, does not refute Defendants' argument for dismissal of the equal protection claims.

Consistent with this Court's original Report and Recommendation issued on February 16, 2006 [Docket #47], the motion for dismissal or summary judgment by Defendants Merciez, Wroblewski, and Steven Hilla, should be DENIED, pursuant to *County of Sacramento v. Lewis,* 523 U.S. 833, 846, 118 S.Ct. 1708, 140 L.Ed.2d 1043 (1998) as well as DENIED on the basis of judicial estoppel. Defendants' motion for dismissal pursuant to Plaintiff's claim of equal protection violations should be GRANTED.

Any objections to this Supplemental Report and Recommendation must be filed within ten (10) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and E.D. Mich. LR 72.1(d)(2). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v Arn,* 474 U.S. 140, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985); *Howard v Secretary of HHS,* 932 F.2d 505 (6th Cir. 1991); *United States v Walters,* 638 F.2d 947 (6th Cir. 1981). Filing of objections which raise some issues but fail to raise others with specificity will not preserve all the objections a party might have to this Report and Recommendation. *Willis v Secretary of HHS,* 931 F.2d 390, 401 (6th Cir. 1991); *Smith v Detroit Fed'n of Teachers Local 231,* 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

Within ten (10) days of service of any objecting party's timely filed objections, the

opposing party may file a response. The response shall be not more than twenty (20) pages in length unless by motion and order such page limit is extended by the court. The response shall address specifically, and in the same order raised, each issue contained within the objections.

S/R. Steven Whalen
R. STEVEN WHALEN
UNITED STATES MAGISTRATE JUDGE

Dated: February 28, 2006

CERTIFICATE OF SERVICE

The undersigned certifies that a copy of the foregoing order was served on the attorneys and/or parties of record by electronic means or U.S. Mail on February 28, 2006.

S/Gina Wilson
Judicial Assistant